UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JASON LEWIS ANDERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 1:24-CV-371-DCLC-CHS |
| | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION & ORDER**

Petitioner Jason Lewis Anderson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his judicial confinement under a Greene County order of commitment [Doc. 1], and letter, which the Court construes as a motion, seeking the appointment of counsel, a settlement of $1 million, and a speedy trial [Doc. 5]. Respondent has moved to dismiss the petition as time barred, procedurally defaulted, and for failure to state a claim for which relief may be granted [Doc. 11]. Petitioner has not responded to Respondent's motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. For the reasons set forth below, the Court will deny Petitioner's motion, grant Respondent's motion, and dismiss the petition with prejudice.

I. **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

In September 2023, after Petitioner agreed to waive his right to an indictment and proceed by criminal information, Petitioner was charged with two counts of aggravated domestic assault [Docs. 10-1, 10-2]. On September 6, 2023, Petitioner was found not guilty by reason of insanity as to both charges [Doc. 10-3]. The trial court ordered Petitioner to undergo an evaluation to determine whether the proper treatment would be either judicial commitment or mandatory outpatient treatment [*Id.*]. After Petitioner failed to attend a scheduled outpatient evaluation and

was arrested for three new misdemeanor offenses, the State moved to revoke Petitioner's bond [Doc. 10-4][1].

Petitioner was subsequently evaluated at Frontier Health Assessment and Forensic Services [Doc. 10-5]. The evaluation indicated that Petitioner "does pose a substantial likelihood of serious harm because of [his] mental illness or serious emotional disturbance," that because of this he needs "care, training, or treatment[,]" and that "all available less drastic alternatives to placement in a hospital or treatment resources are unsuitable" to meet his needs [*Id.* at 1]. Thus, it was recommended that Petitioner be placed at Moccasin Bend Mental Health Institute (hereinafter, "Moccasin Bend") for inpatient treatment [*Id.*]. Based on these findings, the trial court entered an order on April 30, 2024, committing Petitioner to the custody of Moccasin Bend for treatment [Doc. 10-6].

On or about November 21, 2024, Petitioner filed the instant federal habeas petition [Doc. 1]. On November 27, 2024, the Court ordered Respondent to file a response to the petition [Doc. 3]. Thereafter, Petitioner filed a motion, as construed, for damages, appointment of counsel, and a speedy trial [Doc. 5]. On March 13, 2025, Respondent submitted a responsive memorandum [Doc. 12], Petitioner's relevant state-court records [Doc. 10], and his motion to dismiss [Doc. 11].

## II. PETITIONER'S MOTION

Petitioner seeks "a new attorney[,]" a speedy trial, and money damages [Doc. 5]. But the constitutional right to counsel in criminal prosecutions does not apply to habeas cases. *Baker v. Ohio*, 330 F.2d 594, 595 (6th Cir. 1964). Rather, the appointment of counsel for an indigent inmate

---

[1] While awaiting outpatient evaluation, Petitioner was arrested for criminal trespass, disorderly conduct, and resisting arrest [Doc. 10-4]. These charges were dismissed/nolle prosequi on July 10, 2024. *See* https://greene.tncrtinfo.com/crCaseForm.aspx?id=0A331CDA-0A9E-44C5-904A-3659753E0BDA&dsid=c6464325 (last visited Apr. 14, 2025).

in a non-capital case is discretionary, unless an evidentiary hearing is ordered. *See Young v. United States*, No. 15–4063, 2017 WL 4358942, at *1–2 (6th Cir. Feb. 28, 2017) (finding appointment of counsel for indigent movant mandatory at evidentiary hearing stage based on rules and corresponding advisory committee notes applicable to evidentiary hearings under Sections 2254 and 2255, in agreement with "[a]ll circuits to consider the matter"); *see also* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring appointment of counsel in a non-capital case "[i]f an evidentiary hearing is warranted"). In exercising its discretion as to whether to appoint counsel, the Court considers several factors, including the nature of the case, whether the issues are legally or factually complex, and a petitioner's ability to present his claims to the court. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Taking all relevant factors into consideration, the Court finds that appointment of counsel is not warranted.

Second, federal habeas actions are not criminal prosecutions. Therefore, speedy trial principles are inapplicable in this action. *See United States v. Williams*, 558 F.2d 224, 226 (5th Cir. 1977) (noting "[b]y its terms, this [speedy trial] right is available to an accused only in 'criminal prosecutions'").

Finally, monetary damages are not available in habeas proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (noting damages are not available in habeas actions). Accordingly, Petitioner is not entitled to the relief sought, and his construed motion [Doc. 5] is **DENIED**.

### III.   RESPONDENT'S MOTION TO DISMISS

Respondent argues that Petitioner's federal habeas petition is untimely, procedurally defaulted, and fails to state a claim for relief [Doc. 11, 12]. The Court agrees with Respondent's last two arguments and will grant the motion on those bases.

Tennessee law permits an appeal of an adverse ruling following a commitment hearing. *See* Tenn. Code Ann. 33-6-708(c)(5). On April 30, 2024, the trial court, after finding Petitioner's mental health evaluation determined he was judicially committable pursuant to Tenn. Code Ann. § 33-6-502, entered an order of judicial hospitalization and transferred Petitioner to Moccasin Bend for treatment [Doc. 10-6]; *see* Tenn. Code Ann. § 33-7-303(c)(1). And under Tennessee law, "[e]ither party may appeal a final adjudication under this section to the court of criminal appeals." Tenn. Code Ann. § 33-7-303(d). Pursuant to Tennessee Rule of Appellate Procedure 4, a timely notice of appeal must be filed in the appellate court "within 30 days after the entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). Thus, Petitioner had until May 30, 2024, to file a notice of appeal in the clerk's office of the Tennessee Court of Criminal Appeals ("TCCA"). Petitioner filed two letters with the trial court in May and July 2024 [*See* Docs. 12-1, 12-2]. But neither of the letters served to initiate an appeal before the TCCA.

Habeas relief generally cannot be granted unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). Exhaustion requires a petitioner to have "fairly presented" each federal claim to all levels of the state appellate system to ensure that states have a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citing *Justices v. Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 302–03 (1984)). In Tennessee, presentation of the claim to the TCCA satisfies this requirement. Tenn. S. Ct. R. 39.

If a petitioner failed to exhaust all his available state remedies, and the state court to which he would be required to litigate the matter would now refuse to consider the claim, that claim is "technically exhausted" but procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729, 731–32 (1991). Here, Petitioner could have, but did not, appeal to the TCCA the finding of not

4

Case 1:24-cv-00371-DCLC-CHS   Document 13   Filed 04/18/25   Page 4 of 6   PageID #: 98

guilty by reason of insanity and adjudication ordering inpatient treatment. *See* Tenn. Code Ann. § 33-7-303(d). Now, because the time has passed for Petitioner to do so, any challenge to his judicial confinement is technically exhausted procedurally defaulted. *Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted.").

And, to the extent Petitioner does not challenge the fact of his judicial confinement and instead intends to pursue the sole claim in his habeas petition, he is not entitled to relief under § 2254. In his petition, Petitioner alleges that law enforcement "racial[ly] profile[d]" him for the simple fact [he] was a black man vaping a legal substance and the [] police put [him] in jail for a[n] unkonw [sic] charge" [Doc. 1, p. 5]. But Petitioner's charges for the misdemeanor offenses of criminal trespass, disorderly conduct, and resisting arrest were dismissed on July 10, 2024 [Doc. 10-4]. These offenses are not, then, the judgments that are the source of Petitioner's judicial commitment. As such, this is not a viable claim for habeas relief because Petitioner is not raising a federal constitutional challenge against a judgment of conviction for which he is now in custody. *See* 28 U.S.C. § 2254(a) (permitting consideration of habeas petition on "behalf of a person in custody pursuant to the judgment of a State court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Accordingly, Respondent's motion [Doc. 11] is **GRANTED** and Petitioner's habeas petition is **DISMISSED.**

IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural

grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

V.    **CONCLUSION**

As set forth above, Petitioner's motion is **DENIED** [Doc. 5], Respondent's motion [Doc. 11] is **GRANTED**, and this federal habeas petition will be **DISMISSED** with prejudice. A certificate of appealability will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker<br>
United States District Judge